**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHENGXIN MIAO,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-74088<br><br>Agency No. A088-291-973<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before:     GOODWIN, LEAVY and CHRISTEN, Circuit Judges.

Chengxin Miao, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   Our

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that Miao failed to establish past persecution on account of his resistance to China's coercive population control policy. *See Jiang v. Holder*, 611 F.3d 1086, 1094 (9th Cir. 2010) (petitioner must provide evidence of resistance in addition to the harm to the spouse in order to be eligible for asylum). As to Miao's claim related to the government taking of his property, substantial evidence also supports the agency's finding that Miao has not shown that his political opinion, actual or imputed, was at least one central reason for the harm he experienced or fears if returned to China. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). The court lacks jurisdiction to consider Miao's contention related to a particular social group of "landowners whose property has been forcibly taken," because he did not raise this before the IJ. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over legal claims not presented in administrative proceedings below). Thus, Miao's asylum and withholding of removal claims fail. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Substantial evidence also supports the BIA's denial of CAT relief because Miao failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government of China if returned. *See Silaya*, 524 F.3d at 1073.

Finally, our review is limited to the administrative record, so we do not consider materials referenced in the opening brief that were not part of the record before the agency. *See Fisher v. INS*, 79 F. 3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**